IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FARES GRANDIN,

Petitioner,

vs.

WARDEN MCCOOK DETENTION CENTER, SECRETARY DHS, DIRECTOR U.S.I.C.E., and ATTORNEY GENERAL U.S., e. tal;

Respondents.

**8:26CV701**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Filing No. 1. Petitioner alleges he is being unlawfully held in immigration detention at the McCook Detention Center in McCook, Nebraska. He claims his continued detention violates his due process rights under the Fifth Amendment and the *Accardi* doctrine by detaining him as an asylum-seeker.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Here, it is apparent from Petitioner's Petition that he is not entitled to habeas relief.

Petitioner previously filed a Petition for Writ of Habeas Corpus in Case 8:26cv436. He alleged his detention was unlawful. The Court denied this petition because Petitioner had previously been afforded a bond-determination hearing, but the Immigration Judge had found he was a flight risk and denied at him release on bond.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the filing of successive petitions for habeas corpus under 28 U.S.C. §§ 2255 & 2256. However, since AEDPA did not address petitions filed under 28 U.S.C. § 2241 like the one at hand, Courts continue to apply the pre-AEDPA doctrine of abuse of the writ in determining whether to entertain a successive § 2241 petition for habeas corpus. *See, e.g.*, *Thunder v. Jett*, No. 09-2454 DSD RLE, 2010 WL 3810792, at *8 (D. Minn. Aug. 12, 2010), *report and recommendation adopted*, No. 09-2454 DSD LIB, 2010 WL 3806828 (D. Minn. Sept. 23, 2010). "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Where there has been an abuse of the writ through inexcusable neglect, the Court may nevertheless entertain the petition if there is a showing of cause and prejudice. *Id.* at 493. Additionally, the Court may excuse an abuse of the writ in extraordinary instances where a denial of a successive writ may result in a fundamental miscarriage of justice. *Id.* at 494.

Petitioner raises claims similar to those in his prior petition. He states that subsequent to the Court's denial of his first habeas-corpus petition, the immigration court has ordered him removed, and he has appealed this decision to the BIA where his case remains pending. Filing No. 1 at 6–7. However, these factual developments do not change the Court's prior analysis: Petitioner was afforded a bond hearing and the Court is without authority to review the Immigration Judge's denial of bond. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien . . . .").

Accordingly, the Court finds his successive petition for writ of habeas corpus under 28 U.S.C. § 2241 is barred by the doctrine of abuse of the writ and no exceptions thereto apply. Accordingly, Petitioner's Petition, Filing No. 1, must be dismissed.

IT IS ORDERED:

1. Petitioner's successive Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. Petitioner's Motion for Leave to Proceed in Forma Pauperis, Filing No. 4, is denied as moot.
3. The Court will enter a separate judgment.

Dated this 12th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge